01
02
03
04
05
06
07
08
09
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAYAMADA S. CEPHUS,                  )
                                     )
        Plaintiff,                   )    CASE NO. C07-1100RSL
                                     )
        v.                           )
                                     )    DECISION REGARDING SOCIAL
MICHAEL J. ASTRUE, Commissioner      )    SECURITY DISABILITY APPEAL
of Social Security,                  )
                                     )
        Defendant.                   )
_____)

        Plaintiff Rayamada S. Cephus proceeds through counsel in her appeal of a final

decision of the Commissioner of the Social Security Administration ("Commissioner").

The Commissioner denied plaintiff's application for Supplemental Security Income

("SSI") benefits after a hearing before an Administrative Law Judge ("ALJ").  Having

considered the ALJ's decision, the administrative record ("AR"), and the papers

submitted by the parties, the Court finds that the Commissioner's decision must be

REVERSED and this matter REMANDED for an award of benefits.

## FACTS AND PROCEDURAL HISTORY

Plaintiff was born in 1963.[1]  From 1996-2003, plaintiff worked for temporary agencies and performed various reception, clerical, light assembly, and data-entry tasks. AR 76, 459-61.  In 2001, plaintiff was riding on a bus when the driver braked hard, causing plaintiff's right knee to slam into a pole.  AR 130.  She felt a popping sensation, and her knee buckled as she left the bus.  AR 130, 461-62.  Plaintiff underwent a right anterior cruciate ligament repair in 2001 at Harborview Medical Center and another in 2006.  AR 130, 366.  Unfortunately, plaintiff continues to experience instability, pain, and swelling in the knee (AR 130, 149, 178, 184, 188, 200, 208, 242, 260, 263, 289, 314, 318, 383, 388, 394, 400, 404, 410, 420, 426, 433) and may now need a total knee replacement (AR 437).

Plaintiff filed an SSI application in July 2005.  AR 56-62.  Her application was denied at the initial level and on reconsideration.  At plaintiff's request, ALJ Edward Nichols held a hearing on February 28, 2007, at which testimony was taken from plaintiff and vocational expert Olof R. Elofson.  AR 446-74.  On March 9, 2007, the ALJ issued a decision finding plaintiff not disabled.  AR 13-23.  Plaintiff timely appealed.  The Appeals Council accepted additional evidence for the record, but denied plaintiff's request for review on June 12, 2007 (AR 5-8), making the ALJ's decision the final decision of the Commissioner.  Plaintiff then appealed to this Court.

---

[1] Only the year of plaintiff's birth is identified in accordance with the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

01
02
03
04

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C.

§ 405(g).

05

**DISCUSSION**

06
07
08
09
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

The Commissioner follows a five-step sequential evaluation process for

determining whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920

(2000). At step one, the Commissioner must determine whether the claimant is

gainfully employed. The ALJ found that plaintiff had not engaged in substantial gainful

activity since March 1, 2005, her alleged onset date. AR 15. At step two, it must be

determined whether a claimant suffers from a severe impairment, and the ALJ found

that plaintiff's anterior cruciate ligament problems and degenerative joint disease of the

right knee are severe. AR 17. Step three asks whether a claimant's impairments meet or

equal a listed impairment. The ALJ found that plaintiff's impairments did not meet or

equal the criteria for any listed impairment. AR 18. In such circumstances, the

Commissioner must assess claimant's residual functional capacity ("RFC") and

determine at step four whether she has demonstrated an inability to perform past

relevant work. The ALJ found that plaintiff's RFC falls between sedentary and light

exertional levels with the ability to sit or stand for thirty minutes at a time, occasionally

lift up to twenty pounds, and frequently lift up to ten pounds. The ALJ specifically

noted that plaintiff's ability to walk is very limited, that she cannot squat, kneel, crawl,

climb stairs, or use ladders, and that any work involving the operation of foot controls,

heights, or moving machinery should be avoided. AR 18. Given these limitations, the

ALJ determined that plaintiff was not able to perform her past relevant work. AR 21.

The burden then shifted to the Commissioner to demonstrate at step five that the

claimant retains the capacity to make an adjustment to work that exists in significant

levels in the national economy. Relying on the testimony of a vocational expert, the

ALJ concluded that plaintiff could perform other jobs, such as working as a small

products assembler or table worker. As performed in the Puget Sound area, both of

these types of jobs entail sedentary exertional demands and allow the worker to alternate

between sitting and standing as needed. AR 22.

This Court's review of the ALJ's decision is limited to whether the decision is in

accordance with the law and whether the findings are supported by substantial evidence

in the record as a whole. See Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993).

Substantial evidence means more than a scintilla, but less than a preponderance; it

means such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). In determining

whether there is substantial evidence supporting the final administrative decision, the

Court must consider "the entire record as a whole, weighing both the evidence that

supports and the evidence that detracts from the Commissioner's conclusion . . . and

may not affirm simply by isolating a specific quantum of supporting evidence."

Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks

and citations omitted). The Court may not, however, substitute its judgment for that of

the Commissioner if the evidence can reasonably support either affirming or reversing

the benefits determination. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir.

2006).

Plaintiff argues that the Commissioner erred in rejecting (a) plaintiff's testimony regarding her limitations, (b) the opinion of her treating physician, and (c) the opinion of an examining physician. She requests remand for an award of benefits or, in the alternative, for further administrative proceedings. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

Credibility

Absent evidence of malingering, an ALJ must provide clear and convincing reasons for rejecting a claimant's testimony regarding her subjective symptoms. See Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001). [2] General findings regarding a lack of credibility are insufficient. "[R]ather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996). "In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997).

At the hearing, plaintiff testified that she was attending classes at the Gene Juarez academy of beauty for eight hours per day. AR 451. She testified that she could sit or stand for only thirty minutes at a time before having to change positions. Even with the

---

[2] There is no dispute regarding the existence of a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. AR 19.

DECISION REGARDING SOCIAL
SECURITY DISABILITY APPEAL - 5

01 ability to move around at will, the claimant reported that her knee would become painful

02 and swell after a couple of hours at school:  she testified that she needed at least four thirty-

03
04 minute breaks during the course of the day to elevate and ice her knee.  AR 452-54.

05 Claimant hopes that when she graduates, she will be able to find a position that will

06 accommodate her limitations.  AR 455.

07      The ALJ assessed plaintiff's credibility as follows:

08
09 After considering the evidence of record, I find that the claimant's medically
determinable impairments could reasonably be expected to produce the alleged
10 symptoms, but that the claimant's statements concerning the intensity,
persistence and limiting effects of these symptoms are not entirely credible.
11

12 At the hearing the claimant was pleasant and walked with a cane.  She showed
no observable pain behavior during the proceeding including when she sat
13 down and rose from her chair.  The claimant was very cogent and seemed
determined to complete her schooling and start work.  She spends eight hours
14 a day in class and occasionally babysits her two grandchildren ages 2 and 3,
which represents a fairly full schedule.  I note that the claimant does not have
15 a sterling earnings record, which does not help her claim of disability.
16

17                                              . . . . .

18 In all, the claimant is fairly credible.  However, I have grave doubts that she
absolutely has to ice her knee.  She testified that she iced her knee for 30
19 minutes four times daily at school.  The medical records do not show that the
claimant needs to ice her knee during the day. . . .  While the claimant may
20 like to ice her knee, I see no objective evidence indicating that this is a
requirement.
21

22 AR 19-21.
23

24      Following the hearing, claimant submitted a supplemental report from her treating

25 physician which stated that claimant "has arthritis of the knees and may need to ice her

26 knees 2-4 times per day depending on the severity of her swelling on a given day.

[Claimant] often has fluid in the joint of her knee and ice helps reduce swelling and

DECISION REGARDING SOCIAL
SECURITY DISABILITY APPEAL - 6

inflammation." AR 443.  When the record, including the supplemental report of plaintiff's treating physician, is considered as a whole,[3] the Court finds that the ALJ failed to provide any convincing reasons for refusing to credit claimant's pain testimony, in particular her assertion that she must ice and elevate her knee throughout the day.  Contrary to the ALJ's findings, the medical records show that plaintiff was repeatedly advised that she should ice her knee to decrease pain and swelling and that she has been doing so since at least 2005.  AR 208, 264, 269, 291, 315.  Dr. Paretsky's supplemental report further supports plaintiff's testimony regarding her symptoms, their treatment, and the related functional capacity limitations.  AR 443.  The ALJ did not identify any conflicting medical records or opinions, and the Court has been unable to find any record testimony or documents that are inconsistent with the treatment regimen to which plaintiff testified.

    In rejecting plaintiff's testimony regarding the need to ice her knee, the ALJ also relied on the fact that the claimant is attending classes at the Gene Juarez academy and occasionally babysits her two young grandchildren.  Both of these activities, however, allow the claimant to change position and ice her knee as needed.  AR 454, 471.  Nor is the fact that the claimant was able to participate in the hearing without obvious signs of pain particularly convincing:  the hearing lasted only thirty-three minutes and the record is very clear that her orthopedic condition, particularly her degenerative joint disease, is exacerbated over time.  Her ability to sit for thirty minutes was never in dispute, making the fact that she could do so at the hearing virtually irrelevant.  Finally, the ALJ mentioned that "claimant does not have a sterling earnings record" as support for rejecting her claim

---

[3] See discussion at pp. 9-10.

of disability.  AR 20.  While it is clear that plaintiff has had a lot of jobs at which she did not earn very much money (AR 63-67), it is also clear that since 2001 plaintiff has tried to obtain jobs that she could perform despite her exertional limitations  (AR 459-61).  The ALJ did not find that the claimant was malingering and in fact noted that she seems "determined to complete her schooling and start work."  AR 20.  In this context, it is difficult to see how plaintiff's employment history provides a basis for rejecting her testimony regarding the need to ice her knee, much less a clear and convincing reason for doing so.

Whether considered separately or together, the ALJ's reasons for rejecting the claimant's testimony regarding the need to ice her knee are not clear and convincing.  Other than this erroneous ruling, the ALJ found that plaintiff was fairly credible.  AR 20.  If the testimony regarding plaintiff's need to ice and elevate her knee throughout the day is credited, there are no outstanding credibility or functional capacity issues that must be resolved before a determination of disability can be made:  the vocational expert who attended the administrative hearing testified that there are insufficient jobs in the national economy for a claimant like plaintiff.  AR 472-73.

<u>Physicians' Opinions</u>

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician.  <u>Lester</u>, 81 F.3d at 830.  Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "clear and convincing" reasons.  <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1396 (9th Cir. 1991).  Where

contradicted, a treating or examining physician's opinion may not be rejected without "specific and legitimate reasons that are supported by substantial evidence in the record." Lester, 81 F.3d at 830-31.  Where the opinion of the treating physician is contradicted and the non-treating physician's opinion is based on independent clinical findings that differ from those of the treating physician, the opinion of the non-treating physician may itself constitute substantial evidence.  Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). It is the sole province of the ALJ to resolve this conflict.  Id.

A.    Dr. Eva Paretsky

Plaintiff argues that the Commissioner erred in his handling of the opinion of plaintiff's treating physician, Dr. Paretsky.  As noted above, plaintiff submitted a supplemental report from Dr. Paretsky following the ALJ's denial of benefits. The Appeals Council accepted the supplemental report but declined to review the ALJ's decision because the record, including the additional report, "does not provide a basis for changing the Administrative Law Judge's decision." AR 5-6.  Contrary to plaintiff's argument, the Appeals Council was not required to make specific findings before rejecting Dr. Paretsky's opinion.  The Appeals Council in this case followed the same procedure used in Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993):  the Council accepted the supplemental report, considered it when determining whether or not to grant review, and made it part of the record for purposes of this appeal.  "We now examine the full record, including the supplemental material," to determine whether the record as a whole provides substantial support for the Commissioner's decision.  Ramirez, 8 F.3d at 1454.  Dr. Paretsky's supplemental report supports plaintiff's testimony that she needs to ice her knee throughout

01  the day and further erodes the ALJ's finding that the claimant was not credible.  The Court

02  has already concluded that the ALJ failed to provide clear and convincing reasons for his

03  rejection of plaintiff's testimony:  no other error regarding the supplemental opinion of Dr.

04  Paretsky has been shown.

05

06  B.    Dr. John Lesher

07        With the exception of his findings regarding lifting and carrying restrictions, the ALJ

08  adopted the opinions of Dr. Lesher, an examining physician, at steps three and four.  AR

09  21.  Based in large part on a non-specific reference to Dr. Lesher, the ALJ found that

10  claimant's RFC falls between the sedentary and light exertional levels with the added

11  limitation that she has to be able to sit or stand throughout the work day as needed.  AR 22,

12  468-69.  The conclusion that plaintiff can work an eight-hour day as long as she can change

13  positions is actually inconsistent with Dr. Lesher's opinion.  Dr. Lesher reported that the

14  claimant "can be expected to stand and walk less than two hours in an eight-hour day" and

15  "to sit less than two hours."  AR 228.[4]  The ALJ made no attempt to provide "specific and

16  legitimate reasons" supported by substantial evidence in the record for rejecting Dr.

17  Lesher's opinion, instead inaccurately stating that he had adopted those opinions.  This

18  constitutes a separate reversible error that would justify a remand for further proceedings

19  so that the ALJ could appropriately resolve conflicts in the medical evidence.

20

21                                Remand

22        The Court has discretion to remand for further proceedings or to award benefits.

23

24

25

26

_____

[4]  It should be noted that Dr. Lesher examined plaintiff after her 2006 surgery and before she fell on her knee and had to stop physical therapy.

DECISION REGARDING SOCIAL
SECURITY DISABILITY APPEAL - 10

01  Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990).  The Court may direct an award of

02  benefits where "the record has been fully developed and further administrative proceedings

03  would serve no useful purpose."  McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir.

04  2002).

05

06      Such a circumstance arises when: (1) the ALJ has failed to provide legally
        sufficient reasons for rejecting the claimant's evidence; (2) there are no
07      outstanding issues that must be resolved before a determination of disability
        can be made; and (3) it is clear from the record that the ALJ would be required
08      to find the claimant disabled if he considered the claimant's evidence.

09

10  Id. at 1076-77.

11      All of the circumstances supporting an award of benefits exist in this case.  After

12  crediting plaintiff's testimony regarding the need to ice and elevate her knee throughout the

13  day, the evidence, including the testimony of the vocational expert, requires a finding that

14  plaintiff is unable to perform her past relevant work or engage in other substantial gainful

15  activity available in significant numbers in the national economy.  In these circumstances,

16  the Court finds that further proceedings would serve no useful purpose.  Harman v. Apfel,

17  211 F.3d 1172, 1178 (9th Cir. 2000); Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir.

18  1996).

19

20

21

22

23

24

25

26

01

## **CONCLUSION**

02

03
For all of the foregoing reasons, the Commissioner's final decision is hereby

04
REVERSED and this matter is REMANDED for an award of benefits.

05

06
Dated this 28th day of March, 2008.

07

08

09

10
Robert S. Lasnik
United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECISION REGARDING SOCIAL
SECURITY DISABILITY APPEAL - 12